Case 1:22-cv-01007-ADA-CDB   Document 22   Filed 06/01/23   Page 1 of 3

Case 1:22-cv-01007-ADA-CDB   Document 22   Filed 06/01/23   Page 1 of 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GEORGE ANTHONY RAMOS, | Case No. 1:22-cv-01007-ADA-CDB (SS) |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT STIPULATION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (Docs. 20, 21) |

Pending before the Court is the parties' stipulated motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Docs. 20, 21). The parties agree to an award of attorney's fees to Plaintiff George Anthony Ramos ("Plaintiff") counsel in the amount of $7,900.00 pursuant to EAJA, 28 U.S.C. § 2412(d), and to no costs under 28 U.S.C. § 1920. *Id.*

Plaintiff filed his Social Security Complaint on August 12, 2022. (Doc. 1). On March 3, 2023, the Court granted the parties' stipulated motion for a voluntary remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings. (Doc. 18). Judgment was entered the same day. (Doc. 19). Plaintiff now requests an award of attorney fees and expenses as the prevailing party. (Docs. 20, 21); *see Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-

1

four remand order under 42 U.S.C. § 405(g) is a prevailing party). Plaintiff's request is timely. *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007). The Commissioner did not oppose the requested relief. (Doc. 21).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." *Id*. Here, the government did not show its position was substantially justified and the Court finds there are not special circumstances that would make an award unjust. Moreover, the government does not oppose Plaintiff's stipulated request. *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff requests an award of $7,900.00 in EAJA fees. (Doc. 21). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). Even assuming Plaintiff's counsel seeks the published maximum hourly rate for 2022 ($234.95),[1] the requested award would amount to approximately 34 hours of attorney time (not accounting for any paralegal time expended). The Court finds this reasonable and commensurate with the number of hours an attorney would need to have spent reviewing the certified administrative record in this case (1215 pages) and preparing a 15-page motion for summary judgment in which Plaintiff raises for issues for review. (Docs. 14, 15). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. (Doc. 19).

EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset

---

[1] *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 1, 2023).

Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

Accordingly, it is HEREBY RECOMMENDED:

1. Plaintiff's request for attorney's fees pursuant to the EAJA and request for court costs (Doc. 21) be GRANTED;
2. Plaintiff's Motion for Attorney Fees (Doc. 20) be DENIED AS MOOT;
3. The Commissioner be directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $7,900.00.  Unless any offsets are applied under TOP, the government shall make payment of the fees to the Law Offices of Chermol & Fishman, LLC, in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days of being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 1, 2023**

UNITED STATES MAGISTRATE JUDGE